**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

SIR MICHAEL DYESS,

    Plaintiff,

v.

NEIL MULLINS, et al.,

    Defendants.

Case No. 1:16-cv-910

Dlott, J.
Bowman, M.J.

**MEMORANDUM OPINION AND ORDER**

**I.    Background**

On October 25, 2016, the undersigned entered an Order that granted Plaintiff's motion to proceed *in forma pauperis* with a civil rights complaint against three identified Defendants, plus John Doe Defendants that Plaintiff did not initially identify. (Docs. 10, 12). On January 10, 2017, the undersigned denied Plaintiff's motion seeking the appointment of counsel, denied a second motion by Plaintiff seeking the Court's assistance, and denied in part a third motion that sought discovery from the Defendants.

On January 20, 2017, Plaintiff filed a second motion to appoint counsel. (Doc. 22). On the same date, he filed a motion to issue service on "Lt. Setty" and on "Correctional Officer Bauer," who Plaintiff is now identifying as the two Defendants previously identified as "John Doe." (Doc. 23).

On March 6, 2017, Plaintiff filed two additional motions. (Docs. 25, 26). For the following reasons, Plaintiff's motion to issue service will be granted, but his remaining motions will be denied.

### II. Pending Motions

### A. Renewed Motion For Appointment of Counsel

Plaintiff's second motion for the appointment of counsel will be denied for the reasons stated in the January order. All of the reasons in Plaintiff's second motion have been fully considered by the Court but do not alter the conclusion that this case simply does not present the type of "exceptional circumstances" that would justify the rare appointment of free counsel for a *pro se* civil litigant. *Lavado v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993). Plaintiff's ongoing restrictions in segregation have not prevented him from filing his complaint or multiple motions. In fact, despite Plaintiff's allegations of an inability to prosecute this action, most of the papers that Plaintiff has filed to date reflect a relatively high level of literacy, skill, and knowledge of the law, complete with citation to relevant case law. Contrary to his arguments, Plaintiff's underlying claims do not appear to be overly complex or in any way unique in the context of prisoner civil rights litigation.

Plaintiff may renew his motion if this case proceeds beyond the dispositive motion phase, assuming that the presiding trial judge sets the case for trial. Prior to that time, any additional motions seeking the appointment of counsel that cite the same or similar reasons for the appointment of counsel will be summarily denied.

### B. Procedurally Improper Motions

The Court's last Order denied several of Plaintiff's motions as procedurally improper, including a motion in which Plaintiff attached an additional "statement of claims" and "memorandum in support." The two motions that Plaintiff filed on March 6, 2017 fall into the same category of procedurally improper motions for similar reasons,

2

and therefore, in the interests of judicial economy, are denied without requiring Defendants to file a response.

In his first generic "motion," (Doc. 25), Plaintiff seeks four types of relief. He first seeks information about a prior motion to identify and serve two Defendants who were originally identified only as "John Doe" Defendants. Plaintiff's motion to amend his complaint and serve the now-identified John Doe Defendants is granted below; therefore, this additional request is moot.

Plaintiff next seeks free "copies of my complaint and all exhibits of evidence." (Doc. 25). However, indigent civil litigants must bear their own litigation expenses, and are not entitled to free copies.

> Courts have consistently found that authorization to proceed in forma pauperis does not confer a right to free photocopies. *See, e.g., Hollum v. Kent*, 262 F.2d 862, 863 (6th Cir.1959) (citations omitted) ("The statutory right to proceed *in forma pauperis*, Sec.1915, Title 28, U.S.Code, does not include the right to obtain photocopies of court orders without payment therefor."); *In re Richard*, 914 F.2d 1526, 1527 (6th Cir.1990) (holding that *in forma pauperis* status "does not give the litigant a right to have documents copied and returned to him at government expense."); *Whiteside v. Collins*, No. 2:08–CV–875, 2009 WL 4281443, at *7 (S.D.Ohio Nov. 24, 2009) (King, M.J.) (quoting *Fazzini v. Gluch*, 875 F.2d 863, 1989 WL 54125, at *2 (6th Cir. May 23, 1989)) ("The right of access to the courts does not require that prison officials provide free, unlimited access to photocopying machines.").

*Hurst v. Warden*, 2010 WL 1687675, at *1 (S.D.Ohio, 2010). To the extent that Plaintiff himself originally filed the very same documents, he should have retained a copy and is presumed to know their contents. Whenever documents are filed by Defendants or by this Court, Plaintiff is served with a paper copy.

Plaintiff's third request for relief indicates that he will be "getting released" from SOCF on or about October 13, 2017 and provides a "contact address" to be entered

into the record at that time. (*Id.*) The Clerk of Court has no way of entering a change of address into the record that will occur so far into the future. If and when Plaintiff is released from prison, he should enter a contemporaneous Notice of his Change of Address.

The fourth type of relief sought in this generic "motion" attaches a "declaration from a key witness," and asks the Court to consider that evidence "for my possible trial date." (Doc. 25). In a second motion "to amend/correct complaint" filed on the same date,[1] Plaintiff requests that the Court consider "written declaration[s] as evidence on behalf of my complaint." (Doc. 26).

As the undersigned explained in denying similar relief in the Court's January order, the filing of piecemeal "evidence" in an attempt to bolster the claims stated in Plaintiff's complaint is procedurally improper. Plaintiff remains free to use the various inmate affidavits, or any other evidence he may obtain, in any procedurally appropriate manner. For example, witness affidavits may be attached as exhibits to a properly filed dispositive motion under Rule 56, or as exhibits to a response in opposition to a motion for summary judgment filed by the Defendants. Ordinarily, such dispositive motions are filed at the conclusion of the discovery period. Here, the Calendar Order directs discovery to be included by June 30, 2017, with dispositive motions to be filed by August 31, 2017. (Doc. 17). In contrast to the review of documentary evidence that has been attached as exhibits to a dispositive motion, this Court cannot and will not consider

---

[1] Although docketed as a "motion to amend/correct complaint," the second motion filed on March 6 does not in fact seek to amend the complaint to add new claims or Defendants, but instead seeks only to add alleged "evidence" into the record in support of Plaintiff's claims.

4

"evidence" that is filed haphazardly in the record by Plaintiff in an attempt to bolster his claims.

Because Plaintiff's attempt to file piecemeal "evidence" in the record through multiple motions is procedurally improper, and for the other reasons stated herein, both motions filed on March 6, 2017 will be denied.

    **C.    Motion to Issue Service**

Plaintiff previously tendered to the Clerk of Court summons and Marshal forms for a "Lt. Setty" and for "Correctional Officer Bauer." The Court's January Order explained to Plaintiff that because neither individual had been identified in his original complaint, the Court could not ascertain whether Plaintiff intended to replace the originally identified "John Doe" Defendants with the two newly identified individuals. Therefore, the Court explained to Plaintiff the process he must follow to identify any remaining Defendants:

> Plaintiff is advised that before service may be issued upon the remaining "John Doe" defendants, he must file a motion to issue service setting forth the identity of those defendants. Plaintiff must also provide updated United States Marshal and summons forms for service on each of the unknown defendants once their identities are discovered. Plaintiff is therefore ORDERED to file a motion to issue service, including updated United States Marshal and summons forms, if and when plaintiff discovers the identity of the remaining "John Doe" defendants through discovery. No service will be issued on those defendants unless plaintiff complies with this Order.

(Doc. 21, quoting Doc. 12 at 1-2).

Plaintiff's motion to issue service adequately clarifies that Plaintiff is seeking to amend the identities of the Defendants. In place of Lt. John Doe #1 and Lt. John Doe #2, Plaintiff has now clearly identified Lt. Setty and Correctional Officer Bauer. Plaintiff

5

has tendered with his motion updated summons and Marshal forms.

### III. Conclusion and Order

Accordingly, **IT IS ORDERED THAT:**

1. Plaintiff's second motion to appoint counsel (Doc. 22) is **DENIED**;

2. Plaintiff's motion to issue service (Doc. 23) is **GRANTED**;

3. The Clerk of Court shall amend the record to substitute the newly identified Defendants, Lt. Setty and Correctional Officer Bauer, in place of the previous two Defendants identified only as John Doe,

4. The United States Marshal shall serve a copy of the complaint, summons, and this order upon Defendants Lt. Setty and C/O Bauer as directed by plaintiff. All costs of service shall be advanced by the United States.

5. Plaintiff's multi-faceted motion for relief (Doc. 25) and motion to amend/correct his complaint to add evidentiary support (Doc. 26) are **DENIED**.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge